## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JOE HAND PRODUCTS, INC.,     )
     )
          Plaintiff,     )
     )
vs.     )     Case No. 11-2041-CM-KGG
     )
TASHA TRIBELHORN, *et al.*,     )
     )
          Defendants.     )
_____)

## ORDER ON APPLICATION FOR APPOINTMENT OF COUNSEL

Plaintiff filed its federal court Complaint on January 25, 2011, alleging that
Defendant Tasha Tribelhorn and the other defendants engaged in an unauthorized
exhibition of a UFC broadcast.  (*See* Doc. 1.)  Plaintiff subsequently filed a motion
for default judgment against all Defendants, including Tribelhorn.  (Doc. 13.)  Ms.
Tribelhorn has now filed a Motion for Appointment of Counsel.  (Doc. 21.)

## DISCUSSION

Unlike in a criminal case, there is no constitutional right to appointment of
counsel in a civil case.  ***Durre v. Dempsey***, 869 F .2d 543, 547 (10th Cir.1989).

> In the Court's discretion, however, counsel may be
> appointed in a civil action to represent a person
> proceeding *in forma pauperis*.  *See* 28 U.S.C. § 1915(e)
> ("[t]he court may request an attorney to represent any
> person unable to afford counsel.").  The appointment of
> counsel under Section 1915(e) is a matter within the

> sound discretion of the district court. ***Miller v. Glanz***,
> 948 F.2d 1562, 1572 (10th Cir.1991). In determining
> whether to appoint counsel, the district court may
> consider a variety of factors, including: (1) the merits of
> the litigant's claim, (2) the nature of the factual issues
> raised in the claims, (3) the litigant's ability to present his
> claims, and (4) the complexity of the legal issues raised
> by the claims. ***Long v. Shillinger***, 927 F.2d 525, 527
> (10th Cir.1991) (citing ***Maclin v. Freake***, 650 F.2d 885,
> 886 (7th Cir.1981) (per curiam)).

***Barnett ex rel. Barnett v. Northwest School***, 00-2499-KHV, 2000 WL 1909625,

*1 (D.Kan. 2000).

As an initial matter, Ms. Tribelhorn has failed to provide the Court with the

requisite affidavit of financial status – despite the fact that the form motion she

signed references the affidavit at least two times and clearly states that "I

understand I am required to establish that I am financially unable to retain my own

counsel." (*See* Doc. 21.)  This lack of financial information mandates that the

Court cannot appoint counsel to Defendant Tribelhorn at this time.  There are,

however, other deficiencies with Defendant's motion.

Defendant also has not fulfilled her duty in regard to engaging in a

reasonable search for counsel.  (Doc. 3, at 1-2.)  According to her motion, Ms.

Tribelhorn has contacted five attorneys and/or law firms regarding representation.

(*See* Doc. 3, nos. 2-6.)  She first lists, however, the Wichita Bar Association as a

"lawyer" she has contacted.  Although the membership of the Bar Association

consists of attorneys, it not a law firm and does not provide legal representation. The Court surmises that Ms. Tribelhorn may have contacted the Bar Association for lawyer referrals, which is entirely appropriate. The call to the Bar Association does not, in and of itself, constitute an attempt to contact a lawyer for representation.

Even without reviewing Defendant's financial information or without requiring her to contact an additional attorney, the Court finds that the fourth *Castner* factor, her capacity to prepare and present the case without the aid of counsel, weighs against the appointment of counsel. 979 F.2d at 1421. Here, the Court must look to the complexity of the legal issues and Plaintiff's ability to gather and present crucial facts. *Id.*, at 1422. The Court notes that the factual and legal issues in this case are not unusually complex. *See Kayhill v. Unified Govern. of Wyandotte*, 197 F.R.D. 454, 458 (D.Kan. 2000) (court denying application for appointment of counsel for a plaintiff in case alleging employment discrimination on the basis of race, religion, sex, national origin, and disability requiring the navigation of the various corollary federal statutory and regulatory schemes).

According to the allegations contained in Plaintiff's Complaint – which are uncontroverted in Defendant's filing – Ms. Tribelhorn appears to be a business owner who was responsible for certain supervisory activities on the date and at the

location in question.  (*See* Doc. 1, at 2-3.)  With this being the only relevant information presented to the Court on this issue, the Court surmises that Defendant is an articulate individual with the ability to gather and present facts crucial to her defense.  Although Ms. Tribelhorn is not trained as an attorney, and while an attorney might present her defense more effectively, this fact alone does not warrant appointment of counsel.  Further, she has done nothing to distinguish herself from the countless other individuals who represent themselves in state and federal courts across the country on a daily basis.  The Court therefore concludes that Defendant should be able to defend herself without counsel and **DENIES** her motion.

Although the Court is denying the motion, it is doing so **without prejudice**. The Court will consider revisiting this issue upon renewed motion in the future should Defendant provide the Court with the requisite financial affidavit, proof that she contacted an additional attorney, and sufficient evidence of a compelling need for a court-appointed attorney.

**IT IS THEREFORE ORDERED** that Defendant's application for appointment of counsel (Doc. 21) is **DENIED without prejudice** as discussed above.

Dated at Wichita, Kansas, on this 23rd day of June, 2011.

_s/ Kenneth G. Gale_
KENNETH G. GALE
United States Magistrate Judge