# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., as Broadcast Licensee of the January 31, 2009, UFC #94 Broadcast, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) CIVIL ACTION |
| v. | )<br>) Case No. 11-2041-CM |
| TASHA TRIBELHORNE, *et al.*, | )<br>) |
| Defendants. | )<br>) |

## MEMORANDUM AND ORDER

Plaintiff Joe Hand Promotions, Inc. brings this action claiming that defendants, a restaurant/saloon (T's Deams Inc.) and its owner (Tasha Tribelhorne), unlawfully intercepted and showed UFC #94 to its customers on January 31, 2009. Plaintiff served defendants with summons and the complaint, but defendants never filed an answer. The Clerk of the Court entered default against defendants on May 12, 2011, and plaintiff promptly moved for default judgment (Doc. 13). Defendants have not responded.

Instead of responding to the motion for default judgment, defendant Tribelhorne filed a motion to appoint counsel on May 19, 2011. On June 23, 2011, Magistrate Judge Kenneth G. Gale denied her motion. Defendant Tribelhorne's motion was the first and only appearance in the case by either defendant.

## Liability

Because the Clerk has entered default, plaintiff's well-pleaded factual allegations are deemed admitted. *See Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003). The court has reviewed the factual allegations in plaintiff's complaint, and is satisfied that they establish the

elements for liability under both 47 U.S.C. § 605 and 47 U.S.C. § 553. But courts have not allowed parties to recover under both statutes. *See, e.g., J & J Sports Prods., Inc. v. Blackwell*, No. 07-1058, 2009 WL 2171897, at *2 (M.D. Ala. July 21, 2009); *Garden City Boxing Club, Inc. v. Puebla's Grocery*, No. 06-4735, 2007 WL 4243219, at *3 (E.D.N.Y. Nov. 29, 2007) (citing *Vermont Microsystems, Inc. v. Autodesk*, *Inc.*, 138 F.3d 449, 452 (2d Cir. 1998). Generally, courts have determined that § 605 applies to piracy of satellite signal, and § 553 applies to interception of cable programming transmitted by cable network. *See, e.g., Charter Commc'ns Entm't I, DST v. Burdulis*, 460 F.3d 168, 173 (1st Cir. 2006); *Kingvision Pay-Per-View, Ltd. v. Gutierrez*, 544 F. Supp. 2d 1179, 1183 (D. Colo. 2008). In this case, because defendants have elected not to participate, plaintiff is unable to ascertain defendants' method for illegally acquiring UFC #94—satellite or cable interception. The court therefore believes that it is reasonable and appropriate to assume that defendants violated § 605, which provides for higher penalties than § 553.

**Damages**

The court next turns to damages. Under § 605, plaintiff may elect to recover either actual or statutory damages. 47 U.S.C. § 605(e)(3)(C)(i). Plaintiff has elected statutory damages, in an amount between $1,000 and $10,000. Because plaintiff has also shown (by way of its well-pleaded complaint, deemed admitted by default) that defendants' conduct was "committed willfully and for purposes of direct or indirect commercial advantage or private financial gain," the court may also award plaintiff an enhanced amount not to exceed $100,000 per violation. *Id.* § 605(e)(3)(C)(ii). Plaintiff asks the court for $10,000 in statutory damages and an additional $40,000 in enhanced statutory damages.

*Statutory Damages*

Courts have applied a few different methods for awarding statutory damages under § 605. They have either (1) calculated a flat sum; (2) awarded the license fee that the defendant(s) would have paid for purchase of the event, based of the maximum capacity of the establishment; or (3) multiplied the number of patrons in the establishment by a number set by the court. *Zuffa, LLC v. Al-Shaikh*, No. 10-00085, 2011 WL 1539878, at *7 (S.D. Ala. Apr. 21, 2011) (citing *Joe Hand Promotions, Inc. v. McBroom*, No. 09-276(CAR), 2009 WL 5031580, at *4 (M.D. Ga. Dec. 15, 2009); *Joe Hand Promotions, Inc. v. Blanchard*, No. 409CV100, 2010 WL 1838067, at *3 (S.D. Ga. May 3, 2010); *J & J Sports Prod., Inc. v. Ribeiro*, 562 F. Supp. 2d 498, 501–02 (S.D.N.Y. 2008)). For the third method, the multiplier has varied from $20 to $300, but many courts have used $50. *Ribeiro*, 562 F. Supp. 2d at 502. The amount of $50 appears to roughly approximate the amount that patrons would have paid for the event if they had purchased it individually at their homes. *See, e.g., Garden City Boxing Club, Inc. v. Bello*, No. 05-cv-1300, 2005 WL 2496062, at *3 (E.D.N.Y. Sept. 20, 2005) (noting that a personal residence would have been charged $54.95 to view an event).

The court elects to follow the third approach. Because plaintiff provided an estimated number of patrons who watched the illegally-shown fight, the court can devise a reasonable multiplier to approximate what plaintiff may have received in proceeds if each patron had purchased the fight individually. Plaintiff produced evidence that approximately 67 patrons were in the establishment. Using a multiplier of $50, this totals $3,350 in statutory damages. This amount is more than the estimated $925 to $1025 that defendants would have paid had they properly purchased rights to show the programming. But the court believes that the additional award is appropriate in order to deter defendants from engaging in this conduct in the future.

*Enhanced Statutory Damages*

Courts that have awarded enhanced statutory damages have calculated them in different ways. They consider several factors, including the following: "(1) repeated violations over an extended period of time; (2) substantial unlawful monetary gains; (3) advertising of the broadcast; (4) charging of a cover charge or premuims for food and drinks; or (5) plaintiff's significant actual damages." *Al-Shaikh*, 2011 WL 1539878, at *8 (citing *J & J Sports Prods., Inc. v. Arboleda*, (No. 09-467-Orl-18DAB), 2009 WL 3490859, at *7 (M.D. Fla. Oct. 27, 2009)). Courts have varied their approach in calculating enhanced statutory damages: Some have multiplied the statutory award by three. *See, e.g., Kingvision Pay-Per-View Corp., LTD. v. Wright*, No. 06-892-T-30MAP, 2006 WL 4756450, at *3 (M.D. Fla. Oct. 27, 2006). Others have multiplied the per-patron amount by three. *See, e.g., J & J Sports Prods., Inc. v. Guzman*, 553 F. Supp. 2d 195, 200 (E.D.N.Y. 2008). Under any calculation, however, the court strives to balance the goal of deterrence with a desire not to put a small restaurant out of business. *Garden City Boxing Club, Inc. v. Polanco*, No. 05 Civ. 3411(DC), 2006 WL 305458, at *5 (S.D.N.Y. Feb. 7, 2006) ("[A]lthough the amount of damages should be an adequate deterrent, [a single] violation is not so serious as to warrant putting the restaurant out of business.").

Here, the court has considered the factors outlined above and the approaches taken by other courts. Defendants' failure to answer the complaint makes analysis of the factors difficult. But there is no evidence of multiple violations or substantial monetary gains. While there is no evidence that defendants advertised the broadcast, the fact that they charged a cover charge of $5 suggests that they may have done some advertising. Finally, plaintiff was likely damaged in an amount somewhere between $1,000 and $3,500, based on the amount it could have recovered in fees for charging defendants or the individual patrons for watching the fight. There is also a more intangible

loss, however, that is much more difficult to assign a monetary value.

After consideration of the above factors and the approaches taken by other courts, the court believes that the appropriate balance can be struck by multiplying the statutory damages by three. This results in enhanced damages of $10,050.

*Costs, Including Attorney's Fees*

Finally, plaintiff is entitled to recover full costs, including attorney's fees. Plaintiff has provided the court with records showing its costs, which total $2,526.25. The court has reviewed the records and finds that the number of hours expended, the hourly rate, and the total costs are reasonable and appropriate.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Default Judgment (Doc. 13) is granted in part and denied in part. The court directs the Clerk to enter judgment for plaintiff and against defendants jointly and severally as follows: (1) $3,350 pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II); (2) $10,050 pursuant to 47 U.S.C. § 605(e)(3)(C)(ii), for defendants' willful violation of 47 U.S.C. § 605(a); and (3) costs and attorney's fees of $2,526.25 pursuant to 47 U.S.C. § 605(e)(3)(B)(iii).

Dated this 15th day of July 2011, at Kansas City, Kansas.

                                      **s/ Carlos Murguia**
                                      **CARLOS MURGUIA**
                                      **United States District Judge**